

Tara J. Plochocki
202 659 7217
tara.plochocki@lbkmlaw.com

February 2, 2023

**VIA ECF**

Hon. Paul G. Gardephe
United States District Court
Southern District of New York
40 Foley Square, Room 2204
New York, NY 10007

      Re:   *In Re Petition of Novalpina Capital Partners I GP S.a.r.l. for Judicial Assistance Pursuant to 28 U.S.C. § 1782*, 23-mc-00025 (PGG)

Dear Judge Gardephe:

      Petitioner submits this letter to oppose Respondents' request to intervene and to correct misstatements in their letter. Petitioner did not oppose their request "on the grounds that Respondents should instead file a motion to quash." Dkt. #8 at 2. Petitioner declined to consent to the request to intervene because Respondents threaten § 1782's promise of "providing efficient means of assistance" by insisting on a chance to take a second bite at the apple. *Brandi-Dohrn v. IKB Deutsche Industriebank AG*, 673 F.3d 76, 81 (2d Cir. 2012).

      In response to an overture from Respondents this morning, counsel for Petitioner inquired whether Respondents intended to file both an opposition and then a motion to quash on the substance of the requests themselves. Petitioner indicated that the § 1782 factors and issues with the requests regarding scope and burden—attached to my Declaration (Dkt. #4.5)—are usually litigated at the same time, because the fourth discretionary factor directs the Court to assess breadth, intrusiveness, and burden. *Mees v. Buiter*, 793 F.3d 291, 302 (2d Cir. 2015). Counsel for Petitioner thus indicated that we "would agree to the intervention if you intend to litigate the petition and whatever issues you have with the requests in an omnibus opposition, but we're not inclined to agree to two motion sequences." *See* Emails attached as Exhibit 1 hereto. Respondents' counsel replied, confirming a preference for dividing its opposition into two phases—one for the § 1782 and one for the substance of the requests.

      This proposes to complicate a process that should be quite simple. Courts routinely determine on their own whether the statutory and discretionary factors of § 1782 have been satisfied. *Gushlak v. Gushlak*, 486 F. App'x 215, 217 (2d Cir. 2012) (collecting cases affirming the customary grant of § 1782 petitions ex parte). As this Court is aware, targets of discovery then challenge the court's decision in a motion to quash, which will contain all defenses to the requested discover—including whether § 1782 factors have been met—at once. *E.g., In re*

1101 New York Avenue, NW  |  Suite 1000  |  Washington, DC 20005  |  t 202 833 8900  |  f 202 466 5738

WASHINGTON   NEW YORK   LONDON

lbkmlaw.com



Hon. Paul G. Gardephe<br>
February 2, 2023<br>
Page 2

*Application of Gorsoan Ltd. & Gazprombank OJSC*, No. 13 MISC. 397 PGG, 2014 WL 7232262, at *1 (S.D.N.Y. Dec. 10, 2014), *aff'd sub nom. Gorsoan Ltd. v. Bullock*, 652 F. App'x 7 (2d Cir. 2016). Respondents are asking the Court to let them present defenses twice. This mitotic approach creates delay and additional expenses. While the proceedings brought by Treo NOAL GP, for which discovery is sought, are in their early stages, initial briefs are due within a matter of weeks.

      Respondents offer weak grounds for intervention. They claim to have useful additional context, citing to pending litigation and Respondents' involvement in the underlying events, but all of this was disclosed in Petitioner's Memorandum of Law and supporting Declarations. Indeed, the Respondents' direct knowledge of the key events is why Petitioner is seeking discovery from them. Respondents also appear to argue that they must be heard right now because of the unavailability of this information in Luxembourg proceedings. Again, the unavailability of the discovery—different mechanisms for disclosure, limits on extraterritorial jurisdiction—is why the Petition has been filed. These are ordinary reasons for pursuing discovery through a § 1782, not disqualifications. It is incorrect that the scope of discovery available in Luxembourg dictates what may be sought in this proceeding. In rejecting the same contention Respondents make here, the Second Circuit once observed, "[f]ew if any foreign jurisdictions permit the scope of discovery available in our courts. Consequently, "[i]f district courts were free to refuse discovery based upon its unavailability in a foreign court ... § 1782 would be irrelevant to much international litigation, frustrating its underlying purposes." *Mees*, 793 F.3d 302 (internal citations omitted).

      Should the Court nevertheless grant the request to intervene, Petitioner respectfully requests the Court to order Respondents to include their contentions regarding the substance of the requests in their opposition brief. Petitioner further requests an opportunity to submit a reply brief due seven days after any opposition is served in accordance with this Court's bundling rule.

Sincerely,<br><br>
*/s/ Tara J. Plochocki*<br>
Tara J. Plochocki