UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In Re PETITION OF NOVALPINA CAPITAL PARTNERS I GP S.À.R.L. FOR JUDICIAL ASSISTANCE PURSUANT TO 28 U.S.C. § 1782 | Case No: 23-MISC-25 (PGG) |

**STIPULATED PROTECTIVE ORDER GOVERNING THE DESIGNATION AND HANDLING OF DISCOVERY MATERIALS**

In this Petition for Judicial Assistance brought pursuant to 28 U.S.C. § 1782, the Court's Memorandum Opinion & Order (Dkt. No. 38) dated April 21, 2025 (hereinafter "April 21st Order") authorized Petitioner Novalpina Capital Partners I GP S.A.R.L. ("Novalpina GP" or "Petitioner") to obtain certain documents from Treo Asset Management LLC ("Respondent" or "Treo AM") for the purpose of defending the litigation known and defined herein as the NOAL GP/Master Luxco Lawsuit as that term is defined and used herein. The documents sought are non-public and likely to contain sensitive commercial information, as well as financial information of Treo AM as well as non-parties to this Action. Accordingly, and so as to facilitate the production of materials covered by the April 21st Order to Novalpina GP for the purpose of use in the NOAL GP/Master Luxco Lawsuit, the parties in the above-captioned litigation, by and through their undersigned counsel of record, agree to abide by the terms of this Stipulated Protective Order ("Order").

IT IS THUS HEREBY STIPULATED, AGREED AND ORDERED THAT:

1. **APPLICABILITY OF THE PROTECTIVE ORDER**

This Order shall govern the handling and use of all discovery obtained, including any documents produced, by or from a Party in the above-captioned Action pursuant to 28 U.S.C. § 1782 and pursuant to the Court's April 21st Order. This Order shall also govern the filing of documents, testimony, and all other materials disclosing or containing "Confidential Information" or

"Confidential—Attorneys' Eyes Only Information" as those terms are defined in Paragraph 3 below.

2. **OTHER DEFINITIONS**

    a. **"Action"** means the above-captioned action brought by Novalpina GP seeking judicial assistance pursuant to 28 U.S.C. § 1782.

    b. **"Relevant Time Period"** means the time period authorized by the Court's April 21st Order. Pursuant to that Order, the relevant time period for all of Novalpina GP's document requests is July 1, 2021 to January 27, 2023.

    c. **"Discovery Material"** means **all** documents produced by any Party in this Action.

    d. "**Documents**" are defined under Fed. R. Civ. P. 34(a).

    e. **"Party"** means the parties to the above-captioned Action, specifically Novalpina GP and Treo AM, Finbarr O'Connor, Gavin Farrell, and Jeffrey Dunn.

    f. **"Non-party"** means any individual, corporation, association, or other natural person or entity that is not a Party to this Action.

    g. **"Producing Party"** means a Party that produces Discovery Material in this Action.

    h. **"Receiving Party"** means a Party that receives Discovery Material from a Producing Party.

    i. **"Designating Party"** means any party that designates information or items that it produces in disclosures or in responses to discovery as Confidential Material or Confidential—Attorneys' Eyes Only Material (as defined below). The Designating Party bears the burden of establishing good cause for the protection of all such information or items.

    j. **"Challenging Party"** means any party that elects to initiate a challenge to a Designating Party's confidentiality designation.

  k. "**Qualified Persons**" means the individuals defined in Paragraph 9 below.

  l. "**NOAL GP/Master Luxco Lawsuit**" means the Lawsuit filed in the Commercial Chambers of the District Court of Luxembourg on September 22, 2022 against Novalpina Capital Partners I GP S.A.R.L., Michael Zini, and Stefano Pileri, with case number TAL-2022-08560.

  m. "**Native Format**" means an electronic document's associated file structure defined by the original creating application. For example, the native format of an Excel workbook is a .xls or .xslx file.

3. **DESIGNATING CONFIDENTIAL MATERIAL**

"**Confidential Material.**" "Confidential Material" means material or information of any type, kind, or character that contains (i) proprietary, commercially valuable, or competitively sensitive information; (ii) information the Designating Party has a contractual or legal obligation to protect, or right to protect; or (iii) information otherwise protected from disclosure by any applicable state, federal, or foreign statute or regulation. Confidential Material shall also include any Protected Data (defined below).

  i. "**Protected Data.**" Protected Data means any information that a Party believes in good faith to be subject to state, federal, or foreign Data Protection Laws or other regulatory privacy obligations, including but not limited to Personally Identifiable Information ("PII"). Protected Data constitutes highly sensitive materials requiring special protection. Certain Protected Data may compel alternative or additional protections beyond those afforded Confidential Material, in which event the Parties shall meet and confer in good faith, and, if unsuccessful, shall move the Court for appropriate relief.

3

b. **"Confidential—Attorneys' Eyes Only Material."** For purposes of this Order, Confidential—Attorneys' Eyes Only Material includes, but is not limited to, information of any type, kind, or character that the Designating Party designates as "Confidential," which also creates a substantial risk of competitive injury to the Designating Party or the Designating Party's affiliates and/or business partners that would not be reasonably avoided if the information were designated only "Confidential". This designation should be used sparingly and only in compelling circumstances.

4. **MARKING OF DOCUMENTS.** The designation of Discovery Material as Confidential Material or Confidential—Attorneys' Eyes Only Material for purposes of this Order shall be made in the following manner:

a. **Documents**. With respect to a document, the designation of confidentiality shall be made by placing or affixing a stamp or marking on the upper, lower, or side margin of the document (in such a manner as will not interfere with the legibility thereof) providing notice that the document is Confidential or Confidential—Attorneys' Eyes Only Material.

b. **Native Documents.** With respect to documents or materials containing Confidential or Confidential—Attorneys' Eyes Only Material produced in Native Format, the Designating Party shall include the highest level of confidentiality designation in the filename and/or on a slip sheet placeholder produced along with the native document.

c. **Non-Written Materials.** Any non-text Confidential or Confidential—Attorneys' Eyes Only Material (e.g., videotape, audio tape, computer disk, etc.) may be designated as such by labeling the outside of such material as "Confidential" or "Confidential—Attorneys' Eyes Only." In the event the Receiving Party generates any "hard copy" transcription or printout from any such designated non-written materials, the person who generates such "hard

copy" transcription or printout shall take reasonable steps to maintain the confidentiality of such materials as required under this Order and properly identify and stamp each page of such material as "Confidential" or "Confidential—Attorneys' Eyes Only" consistent with the original designation by the Producing Party.

5. **DISCLOSURE OF CONFIDENTIAL OR CONFIDENTIAL-ATTORNEYS' EYES ONLY INFORMATION.** The failure to designate Discovery Material as "Confidential" or "Confidential—Attorneys' Eyes Only" does not constitute a waiver of such claim and may be remedied by prompt supplemental written notice upon discovery of the disclosure, with the effect that such Confidential or Confidential—Attorneys' Eyes Only Material will be subject to the protections of this Order. The Receiving Party shall exercise good faith efforts to ensure that copies made of Confidential or Confidential—Attorneys' Eyes Only Material produced to it include the appropriate confidentiality legend, to the same extent that the Confidential or Confidential—Attorneys' Eyes Only Material has been marked with the appropriate confidentiality legend by the Producing Party.

6. **MATERIALS PREPARED BASED UPON CONFIDENTIAL OR CONFIDENTIAL-ATTORNEYS' EYES ONLY INFORMATION**. Any notes, lists, memoranda, indices, compilations, or other materials prepared or based on an examination of Confidential or Confidential—Attorneys' Eyes Only Material, that quote from or paraphrase Confidential or Confidential—Attorneys' Eyes Only Material with such specificity that the Confidential or Confidential—Attorneys' Eyes Only Material can be identified shall be accorded the same status of confidentiality as the underlying Confidential or Confidential—Attorneys' Eyes Only Material from which they are made, and to the extent those materials are produced or filed in this

matter or the NOAL GP/Master Luxco Lawsuit, shall be designated with the appropriate confidentiality legend, and shall be subject to all of the terms of this Protective Order.

7.      **FAILURE TO DESIGNATE.** If at any time prior to trial in the NOAL GP/Master Luxco Lawsuit, a Designating Party realizes that previously produced Discovery Material should be designated as "Confidential" or "Confidential—Attorneys' Eyes Only" the Designating Party may so designate by advising all other Parties in writing and by producing replacement documents or material with the appropriate "Confidential" or "Confidential—Attorneys' Eyes Only" designation as described above. The designated documents or material will thereafter be treated as "Confidential" or "Confidential—Attorneys' Eyes Only" pursuant to this Order. Upon receipt of such designation in writing and re-production of the material with the "Confidential" or "Confidential—Attorneys' Eyes Only" legend, the Parties and other persons subject to this Order shall take reasonable and appropriate steps to notify any and all recipients of the Discovery Material about the protected status of the newly designated "Confidential" or "Confidential—Attorneys' Eyes Only".

8.      **PERSONS AUTHORIZED TO RECEIVE DISCOVERY MATERIAL**. Discovery Material may be disclosed only to the following "Qualified Persons" for use in this Action or in the NOAL GP/Master Luxco Lawsuit. All Qualified Persons described in paragraph 8(d) and (e), and 8(f) but only with respect to the Receiving Party, must (i) be provided with a copy of this Protective Order; (ii) agree in writing to comply with all provisions of this Protective Order prior to being provided with Discovery Material by executing Exhibit A:

    a.      The Court in this Action and/or the NOAL GP/Master Luxco Lawsuit and their personnel, including attorneys, employees, judges, magistrates, secretaries, special masters, stenographic reporters, staff, transcribers and all other personnel necessary to assist the Court in its function, and the jury (and any appellate court or other court and

their personnel before which the Parties appear in this Action and/or the NOAL GP/Master Luxco Lawsuit). Nothing in this Paragraph (a) shall limit the Receiving Party's use of Discovery Material in the NOAL GP/Master Luxco Lawsuit or this Action provided such use complies with all other provisions of this Order.

b.  Court reporters, stenographers, and videographers retained to record testimony taken in this Action and/or the NOAL GP/Master Luxco Lawsuit.

c.  Counsel of record for the Parties (and such counsel's employees as reasonably necessary to facilitate the work of counsel) in this Action and in the NOAL GP/Master Luxco Lawsuit.

d.  Litigation support services, including outside copying services, court reporters, stenographers or companies engaged in the business of supporting computerized or electronic litigation discovery or trial preparation, retained by a Party or its counsel for the purposes of this Action and/or of the NOAL GP/Master Luxco Lawsuit.

e.  Any independent consultant or expert witness (including partners, associates, and employees of the firm that employs such consultant or expert witness) retained by a Party or counsel of record in connection with the NOAL GP/Master Luxco Lawsuit to the extent necessary for the individual expert or consultant, to prepare a written opinion, to prepare to testify, or to assist counsel of record in the prosecution or defense of the NOAL GP/Master Luxco Lawsuit, provided, however, that: (i) the disclosure shall be made only to an individual expert, or to members, partners, employees or agents of an expert consulting firm as the expert consulting firm shall designate as the persons who will undertake the engagement on behalf of the expert consulting firm (the "Designated Expert Personnel"); (ii) the individual expert or Designated Expert

        Personnel use the information solely in connection with the NOAL GP/Master Luxco Lawsuit; (iii) the terms of Paragraph [12] of this Order are satisfied, and (iv) the disclosure shall only be made pursuant to a written engagement of the consultant or expert that includes the conditions above and attaches a copy of this Protective Order, which the consult and expert is required to comply with.

   f.    The Parties, including any employees or directors necessary for the litigation of this Action or the NOAL GP/Master Luxco Lawsuit. For the avoidance of doubt, Novalpina GP's directors are Michael Zini and Stefano Pileri.

For avoidance of doubt, the parties agree that the following persons or entities – all of whom are participants in separate litigations not subject to the Petition and involving the Parties, NOAL SCSp (the "Fund") and/or Treo NOAL GP S.a.r.l. ("Treo NOAL GP") – are **not** Persons to Whom the Receiving Party May Provide Discovery Material under this Protective Order:

- Stefan Kowski, Bastian Lueken, Stephen Peel, or their counsel, agents or representatives;
- any employee, partner, manager, officer, or director of Weil Gotshal & Manges, LLP;
- Novalpina Capital LLP, Novalpina Capital Management International LLP, Novalpina Capital Partners I FP SCSp, Novalpina Capital Partners I Group GP S.a.r.l., or their counsel, agents or representatives, unless such counsel, agents or representatives fall into categories (c) or (f) above.

Nothing in this Paragraph shall be construed to modify or limit a Party's right to use documents or information already in their possession, custody, or control.

9.    **PERSONS AUTHORIZED TO RECEIVE CONFIDENTIAL—ATTORNEYS' EYES ONLY MATERIAL.** Except as specifically provided for in this or subsequent Court orders,

Confidential—Attorneys' Eyes Only Material or their contents may be disclosed, summarized, described, or otherwise communicated or made available in whole or in part only to counsel of record for the Parties (and such counsel's employees as reasonably necessary to facilitate the work of counsel) in this Action and in the NOAL GP/Master Luxco Lawsuit. Nothing in this Paragraph shall be construed to modify a Producing Party's right to use documents or information already in their possession, custody, or control. However, should Receiving Party believe it has a good faith basis to use such material in the NOAL GP/Master Luxco Lawsuit, the Receiving Party shall follow the procedures outlined in Paragraph 11, below.

10.     **CHALLENGING CONFIDENTIALITY DESIGNATIONS.** A Party objecting in good faith to the designation of any material as Confidential or Confidential—Attorneys' Eyes Only shall give written notice including a brief statement of the basis for the objection to the Designating Party after receiving such material. Upon receipt of the written objection, counsel for the Designating Party shall, within ten (10) business days, provide a written response to the objecting Party explaining the basis and supporting authority for the designation. The Parties shall meet and confer in good faith to attempt to resolve the dispute without resort to Court intervention. If the objecting Party and the Designating Party cannot resolve their dispute through such meet and confer discussions, within fifteen (15) business days after the Parties have reached an impasse after meet and confer efforts, the Challenging Party shall move the Court for an order modifying or removing such designation. The Designating Party shall have fourteen (14) business days to file a response. The Challenging Party shall have seven (7) days to file a reply. The Designating Party has the burden of establishing that the document is entitled to protection. Any material so designated shall remain Confidential or Confidential—Attorneys' Eyes Only and shall be subject to all restrictions on its disclosure and use set forth in this Order until one of the following occurs: (1) the Designating Party withdraws such

designation in writing; or (2) the Court rules that the challenged material should be re-designated. In either event, the Designating Party shall reproduce copies of the re-designated material with the appropriate confidentiality designations at the Designating Party's expense within ten (10) business days.

11. **USE OF DISCOVERY MATERIAL.** The Receiving Party shall not use Discovery Material obtained pursuant to this Action for any purpose other than for use by the Receiving Party in the NOAL GP/Master Luxco Lawsuit. If the Receiving Party intends to use Discovery Material designated "Confidential" or "Confidential – Attorneys Eyes Only" in a filing permitted by this Order that will be publicly available, the Receiving Party shall request the presiding Court to maintain the confidentiality of the information designated "Confidential" in conformance with applicable procedures and will notify the Producing Party at least 10 days in advance of such use.

12. **SUBPOENA FOR DISCOVERY MATERIAL.** If the Receiving Party has obtained Discovery Material under the terms of this Order and subsequently receives a request to produce such Discovery Material by subpoena or other compulsory process commanding the production of such Discovery Material, the Receiving Party shall promptly notify the Producing Party within ten (10) days of receiving the subpoena or other compulsory process seeking production of the Discovery Material, including in such notice the date set for the production of such subpoenaed information. The Producing Party shall provide notice to the Receiving Party within twenty-one (21) calendar days of receiving written notice of its intent to seek a protective order. During this time period, the Receiving Party shall inform the party seeking the Discovery Material that such information is subject to the foregoing Order. No production or other disclosure of Discovery Material pursuant to the subpoena or other process shall occur until the deadline for the Producing Party to respond to written notice of

the subpoena. To the extent applicable laws prohibit the Receiving Party from disclosing the demand for disclosure, then the foregoing notice obligations shall not apply.

If the Producing Party informs the Receiving Party served with the subpoena that it has filed a motion seeking a protective order from the court that issued the subpoena or order, the Receiving Party served with the subpoena or court order shall not produce any Discovery Material before a determination by that court if the Producing Party obtains an order staying compliance with the subpoena or reaches an agreement with the party issuing the subpoena. Nothing in these provisions should be construed as authorizing or encouraging the Receiving Party to disobey a lawful directive from another court.

13. **REDACTIONS ALLOWED**.

   a.   Any Producing Party may redact from documents (i) matter that the Producing Party claims is Privileged Information; or (ii) any Protected Data. The Producing Party shall mark each redaction with a legend stating "REDACTED," and specify the basis for the redaction as appropriate. Where a document consists of more than one page, at least each page on which information has been redacted shall be so marked. If counsel for the Producing Party agrees or if the Court orders that documents initially redacted shall not be subject to redaction or shall receive alternative treatment, and the documents are subsequently produced in unredacted form, then those unredacted documents shall continue to receive the protections and treatment afforded to documents bearing the confidentiality designation assigned to it by the producing Party.

   b.   The right to challenge and process for challenging the designation of redactions shall be the same as the right to challenge and process for challenging the designation of Confidential or Confidential-Attorneys' Eyes Only Material as set forth in paragraph 10.

14. **PRIVILEGED MATERIALS.** Nothing herein shall be construed to require the production of any privileged materials. The Producing Party shall log any information designated as privileged and shall meet and confer to determine an appropriate method for the logging of materials designated as privileged. The Parties shall comply with their ethical and legal obligations concerning the actual or apparent inadvertent production of privileged or protected information consistent with Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure and Federal Rule of Evidence 502(d). Disclosure of information subject to the attorney-client privilege or work-product doctrine or any other applicable privilege or immunity ("Privileged Material") shall not be deemed a waiver in whole or in part of the privilege or work-product protection or other applicable immunity. If a Party has produced Discovery Material that it subsequently claims is Privileged Material, after being notified of the privilege or protection, the Receiving Party (a) must promptly return the specified information and any copies in its possession, custody, or control, (b) must make reasonable efforts to retrieve and to prevent disclosure and/or use of the information, if the Receiving Party disclosed it before being notified, and (c) may not further use or disclose the information. If the Receiving Party opposes a claim of privilege and/or protection it must promptly present the information to the Court under seal for a determination of the claim.

15. **SECURITY OF DISCOVERY MATERIAL.** The Receiving Party shall exercise the same care with regard to the storage, custody, or use of Discovery Material as it would apply to its own material. The Receiving Party must take reasonable precautions to protect Discovery Material from loss, misuse and unauthorized access, disclosure, alteration and destruction, including but not limited to:

    a. Discovery Material in electronic format shall be maintained in a secure litigation support site(s) that applies standard industry practices regarding data security, including but

not limited to application of access control rights to those persons entitled to access Discovery Material under this Order;

b.     An audit trail of use and access to litigation support site(s), to the extent the litigation support software tracks user access, shall be maintained while this Action and the NOAL GP/Master Luxco Lawsuit, including any appeals, are pending;

c.     Any Discovery Material downloaded from the litigation support site(s) in electronic format shall be stored only on device(s) (e.g. laptop, tablet, smartphone, thumb drive, portable hard drive) that are password protected and/or encrypted with access limited to persons entitled to access Discovery Material under this Order. If the user is unable to password protect and/or encrypt the device, then the Discovery Material shall be password protected and/or encrypted at the file level.

d.     Discovery Material in paper format is to be maintained in a secure location with access limited to persons entitled to access Discovery Material under this Order; and

e.     Summaries of Discovery Material, including any lists, memorandum, indices or compilations prepared or based on an examination of Discovery Material, that quote from or paraphrase Discovery Material in a manner that enables it to be identified shall be accorded the same status of confidentiality as the underlying Discovery Material.

f.     If the recipient of Discovery Material is shipping one or more installments of the production of Discovery Material data in electronic format, the recipient shall encrypt the data prior to shipping and provide the encryption key in separate correspondence. If hard copy documents are shipped, the Receiving Party will ship the documents using secure packaging tape via Federal Express or UPS and retain a tracking number for the materials. If the Receiving Party learns at any time that the Discovery Material has been retrieved or

viewed by unauthorized parties during shipment, it will immediately notify the Producing Party and take all reasonable measures to retrieve the improperly disclosed materials.

g. If the Receiving Party discovers a breach of security[1] relating to the Discovery Material, the Receiving Party shall: (1) provide written notice to the Producing Party of the breach within 48 hours of the Receiving Party's discovery of the breach; (2) investigate the effects of the breach, undertake reasonable, industry-standard actions to remediate the effects of the breach, and provide the Producing Party with assurance reasonably satisfactory to the Receiving Party that the breach shall not recur; and (3) provide sufficient information about the breach that the Producing Party can ascertain the size and scope of the breach. The Receiving Party agrees to cooperate with the Producing Party or law enforcement in investigating any such security incident.

16. **IMPROPER DISCLOSURE OF DISCOVERY MATERIAL.** Disclosure of Discovery Material other than in accordance with the terms of this Order may subject a Party to such sanctions and remedies as the Court may deem appropriate. In the event of a violation of this Protective Order by any Qualified Persons to whom Novalpina GP has disclosed Discovery Material pursuant to Paragraph 8 and Exhibit A, Novalpina GP hereby agrees to accept liability for such a violation, including liability for any penalties or sanctions imposed by the Court.

17. **PROTECTIVE ORDER REMAINS IN FORCE.** This Protective Order shall survive the termination of this Action and shall remain in force and effect until modified, superseded, or terminated by consent of the Parties or by order of the Court made upon reasonable written notice. The Court retains jurisdiction even after termination of this Action to enforce this Protective Order

---

[1] Breach is defined to mean that: (i) access to the Discovery Material has been obtained by an unauthorized person via unauthorized access to the litigation support site or the files—electronic or hard copy—of the Receiving Party or its counsel; and/or (ii) the loss, theft or hacking of a device containing Discovery Material.

and to make amendments, modifications, deletions and additions to this Protective Order as the Court may from time to time deem appropriate.

18. **RETURN OR DESTRUCTION OF DISCOVERY MATERIAL.** Within 60 days of (i) any judicial order requiring the return or destruction of discovery material, and/or (ii) termination or other resolution or conclusion of the Master Luxco Lawsuit, all Discovery Material in the custody of the Receiving Party shall either be returned to the Producing Party or shall be destroyed. If destroyed, the Receiving Party shall certify in writing to counsel for the Producing Party that all such documents, copies, summaries, and exhibits have been destroyed. For purposes of this Order, "termination" of the Master Luxco Lawsuit shall occur upon (i) full settlement of all claims between all parties; or (ii) a final judgment (including final resolution of any appeal).

19. **MODIFYING THIS ORDER.** Nothing in this Order shall be construed to prohibit the Parties from agreeing to modify any provision of this Order or seeking relief from the Court. Nor shall anything in this Order or any Party's compliance herewith be construed as a waiver of any Party's rights under applicable law.

**STIPULATED AND AGREED TO ON JUNE 26, 2025**

| | |
|---|---|
| _/s Edward B. Diskant_ | _/s Tara J. Plochocki_ |
| Edward B. Diskant | Tara J. Plochocki |
| ediskant@mwe.com | tplochocki@sequorlaw.com |
| MCDERMOTT WILL & EMERY LLP | Sequor Law |
| 1 Vanderbilt Avenue | 650 Massachusetts Avenue |
| New York, NY 10017 | Washington, D.C. 20001 |
| Tel: (212) 547-5754 (office) | |
| | *Counsel for Petitioner* |
| James P. Durkin | *Novalpina Capital Partners I GP S.À.R.L.* |
| jdurkin@mwe.com | |
| MCDERMOTT WILL & EMERY LLP | |
| 444 West Lake Street, Suite 4000 | |
| Chicago, IL 60606 | |
| Tel: (312) 984-2062 (office) | |

Case 1:23-mc-00025-PGG    Document 451    Filed 06/30/25    Page 16 of 18

*Counsel for Respondent*
*Treo Asset Management LLC*

The Court has reviewed the reasons offered in support of entry of this Stipulated Protective Order and finds that there is good cause to protect the confidential nature of certain information. Accordingly, the Court adopts the above Stipulated Protective Order in this proceeding.

**IT IS SO ORDERED:**

Dated this 30th day of June, 2025 in New York, NY

*[signature: Paul S. Gardephe]*

Paul G. Gardephe
United States District Judge

# EXHIBIT A

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name] , of _____ [print or type full address], have read and understood the Protective Order that was issued by the Honorable Paul G. Gardephe, District Judge for the Southern District of New York on June ___, 2025 in the case of *In Re Petition of Novalpina Capital Partners I GP S.À.R.L. for Judicial Assistance Pursuant to 28 U.S.C. § 1782*, Case No. 23-MISC-25 (PGG). I agree to comply with and to be bound by all the terms of the Protective Order. In compliance with this Order, I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Protective Order.

. Signed this ____ day of _____, 2025, at _____ [insert city and state where sworn and signed].

Signature: _____